## JOHNSTONE et al. v. STONDALL LAND & INVESTMENT CO.*

(Circuit Court of Appeals, Eighth Circuit. April 28, 1924.)

No. 6378.

1. **Vendor and purchaser** ⊕⫸254(3)—**Option contract held not to create vendor's lien.**

An option to purchase land, which does not bind the optionee to enter into a contract for the purchase, does not create a vendor's lien in favor of the grantor.

2. **Judgment** ⊕⫸744—**Decree held not adjudication which relieved contract purchaser from paying balance of purchase price.**

Where at the time of a contract for sale of land an adverse claimant was in possession, and by agreement the making of deferred payments by the purchaser was suspended until he could be put in possession, for which purpose a suit was brought against the adverse claimant, a decree adjudging that the purchaser had complied with his contract, and was the equitable owner and entitled to possession, was not an adjudication that he was relieved from paying the remainder of the purchase price under his contract.

3. **Judgment** ⊕⫸828(1), 892—**Judgment determining title not affected by satisfaction of judgment for damages; erroneous judgment in state court binding in federal court.**

Satisfaction of a money judgment rendered by a state court can have no effect on another part of the judgment adjudicating title to land, which as between the parties is binding on a federal court, whether correct or not.

Appeal from the District Court of the United States for the District of North Dakota; Andrew Miller, Judge.

Suit in equity by the Stondall Land & Investment Company against John Johnstone and another. Decree for complainant, and defendants appeal. Affirmed.

See, also, 264 Fed. 474.

F. C. Heffron, of Eugene, Or. (G. F. Dullam and C. L. Young, both of Bismarck, N. D., on the brief), for appellants.

Harold Harris, of St. Paul, Minn. (T. F. Murtha, of Dickinson, N. D., on the brief), for appellee.

Before LEWIS, Circuit Judge, and SYMES and PHILLIPS, District Judges.

PHILLIPS, District Judge. This is an action brought by the Stondall Land & Investment Company, a corporation, appellee, against John Johnstone and William Johnstone, appellants, to foreclose a vendor's lien against 320 acres of land situated in Golden Valley county, N. D., under a contract for the sale thereof entered into between appellee and Andrew Schmidt in January, 1908. Schmidt paid $1,920 on the purchase price when the contract was executed, and the balance of $3,840, under the contract, was payable in five equal annual installments, none of which have been paid. At the time this contract was made John Johnstone was in possession of the land, claiming under an alleged contract with appellee's predecessor in title. In 1913 appellee and others, as owners of the legal title to this land, for the benefit of Schmidt, owner of the equitable title thereto, recovered a judgment and

decree in the state court of North Dakota canceling the Johnstone contract, quieting the title in them and awarding them the sum of $679.-75 for the use and occupation of the land by Johnstone. On appeal the Supreme Court of the state affirmed this judgment. While the appeal was pending the Johnstones, with full knowledge that Schmidt had paid none of the deferred payments under his contract, made an agreement with Schmidt by which the latter transferred his interest in the contract and judgment in the state court to Charles T. Langley, who filed a satisfaction of the judgment and gave a quitclaim deed to the land to William Johnstone, all for the benefit of John Johnstone. In 1911, appellee secured an option for the repurchase of the land from Schmidt. This option was renewed in 1914. This court held the option void in Langley et al. v. Stondall Land & Investment Co., 264 Fed. 474. The lower court found the issues in favor of the appellee and entered a judgment and decree foreclosing the lien. From this judgment and decree the Johnstones appealed.

[1] Appellants first contend that the lien was waived by the giving of the option because as they say the option created a vendor's lien in favor of Schmidt against appellee and extinguished the lien created by appellee's contract with Schmidt. An examination of the option contract shows it was in fact an option, contemplating a future acceptance thereof by the purchaser, whereupon under its provisions a binding contract was to be made. The option did not create the relation of vendor and purchaser; under it no unconditional obligation rested on appellee to pay Schmidt the purchase price for the land; and a vendor's lien in favor of Schmidt was not thereby created.

[2] Appellants next contend that, since the state court found and adjudged Schmidt had performed his contract for the purchase of the land from appellee and was the equitable owner thereof, its judgment is res adjudicata of the question of whether or not anything was due on the Schmidt contract to appellee, and that appellee is now estopped from claiming the unpaid balance of the purchase price. The pleadings and proof in the state court showed that Schmidt had paid only $1,920 on the contract, and that Johnstone had been in possession of the land continuously from the date of the Schmidt contract down to the date of the judgment in the state court. When Schmidt was not put into possession, he was not bound to make further payments until he was given possession. The contract was so construed by appellee and Schmidt, and both agreed to the suspension of further performance until appellee could place Schmidt in possession of the land. See Langley v. Stondall Land & Investment Co., supra. The parties having mutually agreed to a suspension of the payments until Schmidt had been placed in possession, it was not necessary for Schmidt to make the deferred payments in order to hold the equitable title and to be entitled to the immediate possession of the land. In the light of these facts and the issues involved and the other findings made in the suit in the state court, we do not believe the findings and judgment in that court can be construed to mean a finding and adjudication that Schmidt had made all his payments, but merely that he had sufficiently performed under the facts and circumstances to keep his contract binding and enforceable and to entitle him to the immediate possession of the land as

the equitable owner thereof. City of Vicksburg v. Henson, Receiver of the Vicksburg Waterworks Co., 231 U. S. 259, 34 Sup. Ct. 95, 58 L. Ed. 209; Cromwell v. Sac County, 94 U. S. 351, 24 L. Ed. 195.

Appellants next contend that John Johnstone's right to possession had never been legally adjudged against him, for the reason that under the constitution of North Dakota he was entitled to a jury trial on that issue, and that the provision of the judgment in this suit giving the purchaser under the foreclosure sale a right to possession is erroneous. This contention was raised in Langley v. Stondall Investment Co., supra, and this court held the judgment and decree of the state court had finally adjudicated the matter adversely to Johnstone. In that case the court said:

"All claims based upon his possession and his contract of 1906 with the Golden Valley Land & Cattle Company we regard as finally settled against him."

[3] Appellants further contend that the Langley satisfaction rendered ineffectual the judgment entered in the state court. While the Langley satisfaction no doubt discharged the money judgment, it could have no effect on the adjudication by the state court of the respective rights and titles of the parties to the land in question. The judgment in the state court is binding on this court, regardless of whether or not it was a correct judgment.

Appellants' contentions relative to the allowance of interest and the provisions contained in the decree for redemption have been considered, and it is our opinion that they are without merit. The decree is

Affirmed.