**Appeal of JOHN K. GREENWOOD.**                    **Docket No. 258.**

The legal distinction between a corporation and its stockholders can not be disregarded merely because the entire capital stock of the corporation is owned by one stockholder; and no part of the earnings or surplus of a corporation can accrue to its sole stockholder as such, other than by way of dividends.

The gain realized by the sole stockholder of a corporation who receives its entire assets upon dissolution and liquidation is subject to tax under section 201(c) of the Revenue Act of 1918 at both the normal and surtax rates, and it is immaterial that such assets were distributed in kind and not converted and distributed as cash.

Section 47 of the New Jersey Corporation Law, as amended by Laws of 1901, providing that the directors of every corporation shall in January of each year, after reserving over and above its capital stock paid in, as working capital, such sums, if any, as shall have been fixed by the stockholders or provided in its certificate of incorporation, declare a dividend of the whole of its accumulated profits exceeding the amount reserved and pay the same to its stockholders on demand, is not self-executing and does not operate to distribute the accumulated profits to the stockholders as dividends in the absence of action by the directors, even though the certificate of incorporation or the by-laws make no provision for the reservation of a working capital.

Submitted November 24, 1924; decided January 13, 1925.

*James J. O'Byrne, Esq.*, for the taxpayer.

*John D. Foley, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before IVINS, KORNER, and MARQUETTE.

This appeal was heard upon a stipulation of facts from which the Board makes the following

FINDINGS OF FACT.

On or about June 19, 1903, the H. H. Seaton Co. was incorporated under the laws of the State of New Jersey, and 60 shares of its capital stock of a par value of $100 each were issued as follows:

|  | Shares. |
| --- | --- |
| H. H. Seaton | 28 |
| John K. Greenwood | 29 |
| A. B. Hopper | 3 |

The three shares of stock issued to A. B. Hopper were in fact the property of John K. Greenwood, and were held by said A. B. Hopper for organization purposes only.

Another corporation was subsequently organized under the laws of the State of New Jersey, known as the Seaton company, which was entirely independent of the H. H. Seaton Co., and the capital stock thereof was issued as follows:

|  | Shares. |
|---|---|
| John K. Greenwood | 40 |
| H. H. Seaton | 40 |
| C. H. Rayner | 40 |

On or about April 9, 1913, H. H. Seaton transferred his stock in the H. H. Seaton Co. to John K. Greenwood in exchange for the transfer to him of Greenwood's stock in the Seaton company, as an even exchange. By this exchange John K. Greenwood acquired the ownership of the entire issue of the capital stock of the H. H. Seaton Co., and the name of the corporation was changed to J. K. Greenwood Co. This corporation carried on business until August 30, 1918, when it was legally dissolved and its entire assets were transferred in liquidation to John K. Greenwood as the sole stockholder. The assets of the corporation upon dissolution were not converted into cash nor did Greenwood at any time receive cash for his stock, but the business formerly conducted by the corporation was continued and carried on with the assets of the former corporation by Greenwood as an individual.

On April 9, 1913, the date of the above exchange of stock between Seaton and Greenwood, J. K. Greenwood Co., formerly the H. H. Seaton Co., had a surplus over liabilities and capital stock of $22,746.41, and it is agreed that the cost, the March 1, 1913 value, and the book value of the stock on April 9, 1913, were the same. On August 30, 1918, at the time of dissolution, the corporation had a surplus over liabilities and capital stock of $52,246.58, or an increase in surplus of $29,500.17. No dividends were declared or paid by the corporation between April 9, 1913, and August 30, 1918. The increase in surplus of $29,500.17 is reduced by the tentative corporation tax amounting to $2,342.50, and the surplus received by the taxpayer upon dissolution of the corporation amounted to $27,157.67.

In making his individual income-tax return for the year 1918, this amount of $27,157.67 was reported by the taxpayer as dividends and was allocated to the years in which the surplus was claimed to have been earned by the corporation as follows:

| | |
|---|---|
| Earned prior to 1916 | $9, 172. 72 |
| Earned in 1916 | 6, 372. 01 |
| Earned in 1917 | 4, 099. 09 |
| | 19, 643. 82 |
| Reported as stock dividends in 1918 | 7, 513. 85 |
| | 27, 157. 67 |

The Commissioner has proposed to tax the amount of $19,643.82 as a liquidating distribution subject to both the normal and surtax rates under the Revenue Act of 1913, and the $7,513.85 returned as a stock dividend for 1918 at the surtax rates only.

Neither the certificate of incorporation, nor any by-laws adopted by the stockholders of the H. H. Seaton Co. or J. K. Greenwood Co. provided for the reservation of any working capital by the directors of such corporations.

### DECISION.

The Board determines that the entire gain of $27,157.67 received by the taxpayer at the time of dissolution of the J. K. Greenwood Co., is taxable at the normal and surtax rates under the Revenue Act of 1918, in the year in which it was received. The determination of the Commissioner is disapproved in part and the amount of the deficiency will be settled by the Board on consent or on seven days' notice under Rule 50.

### OPINION.

Marquette: This appeal presents two questions for determination: First, whether the taxpayer is taxable at all upon the distribution in liquidation to him as sole stockholder of the entire assets of the J. K. Greenwood Co., and, second, if he is taxable, in what manner the distribution to him should be taxed.

The facts herein show that the taxpayer acquired the entire capital stock of the predecessor to the J. K. Greenwood Co. on April 9, 1913, and it has been stipulated that the value on that date of the capital stock was the same as the March 1, 1913, value and the book value. The surplus of the corporation between that date and August 30, 1918, the date of dissolution, had increased $27,157.67, all of which was received by the taxpayer in liquidation of his interest in the corporation. No dividends had been declared or paid by the corporation between those dates, and in making his individual return for the year 1918 the taxpayer returned this amount as dividends and attempted to allocate to the years prior to 1918 the amount which had been earned by the corporation in those years and claimed it was taxable to him as dividends at the rates in force in the respective years. The amount allocated to the year 1918 appeared on the return as a stock dividend. After an examination of the corporate records the Commissioner held that the amounts received by the taxpayer in liquidation and which were allocated by the taxpayer as having been earned prior to 1918 should be taxed as a liquidating dividend and were subject to both the normal and surtax rates, and that the portion of the earnings allocated to the year 1918 should be taxed at surtax rates only. The taxpayer contends that as the J. K. Greenwood Co. and J. K. Greenwood were in substance identical, by reason of the complete ownership and control which the latter possessed over the former as the sole stockholder, any profits of the J. K. Greenwood Co. accrued to him during the years in which they were earned; and in the alternative, that under the laws of the State of New Jersey the profits of the J. K. Greenwood Co. were constructively received by the taxpayer as dividends in January of each year.

We have recently held in *Appeal of E. C. Huffman*, 1 B. T. A. 52, that the dissolution of a corporation and the transfer of its capital and surplus to a partnership, the members of which have the same

proportionate interests, results in taxable income to the stockholder notwithstanding he in fact took nothing out of the business. In that case the Board said:

Since all of the assets remained in the business and nothing was actually distributed, the taxpayer, a former stockholder and later partner, claims that he received no taxable income. To him it appears that his financial interest was precisely the same after the reorganization as before. But as a matter of law this is not so. As a stockholder of the former corporation he was not directly an owner of its assets; as a member of the partnership he was. This legal distinction is a matter of substance and not merely of form. The Supreme Court has left no room for doubt that a corporation must be regarded for purposes of the income tax law as an entity separate and distinct from its shareholders. *Eisner* v. *Macomber*, 252 U. S. 189, 214; *United States* v. *Phellis*, 257 U. S. 156; *Cullinan* v. *Walker*, 262 U. S. 134.

The principle announced in the above case is applicable here and the distinction between a corporation and its stockholders is preserved even where one person owns all the capital stock. *Peterson* v. *Chicago, etc., R. Co.*, 205 U. S. 384; *Appeal of Winthrop Ames*, 1 B. T. A. 63. The fact that the assets of the corporation were not converted into cash and that the taxpayer at no time received cash for his stock we regard as immaterial for the reason that income may be derived from a distribution of assets in kind as well as from a conversion of such assets into cash and a distribution of the cash. The essential thing is gain derived from capital, whether it flows from capital or is derived from a conversion of capital as an increase in capital value. Both are equally income within the meaning of the law, and the manner of distribution cannot affect the principle which is to control.

We are therefore of the opinion that the distribution in liquidation of the assets of the J. K. Greenwood Co. to this taxpayer resulted in taxable income to him to the extent that the value of the assets as of August 30, 1918, exceeded the value of his stock on March 1, 1913, which amount has been stipulated in this case to be $27,157.67. It must follow, therefore, that if the distinction between the corporation and its sole stockholder is to be maintained, no part of the earnings of the corporation accrued to its sole stockholder in the years in which it was earned by the corporation and that such earnings could, accrue to him as such stockholder only by distribution as dividends or in liquidation.

The next point made by the taxpayer is that under the laws of the State of New Jersey the profits of the J. K. Greenwood Co. were constructively received by the taxpayer as dividends in January of each year. This contention is based upon the provisions of the New Jersey Corporation Law, section 47, as amended by Laws 1901, page 246, as follows:

Unless otherwise provided in the original or amended certificate of incorporation, or in a by-law adopted by a vote of at least a majority of the stockholders, the directors of every corporation created under this act shall in January in each year, after reserving over and above its capital stock paid in, as a working capital for said corporation, such sum, if any, as shall have been fixed by the stockholders, declare a dividend among its stockholders of the whole of its accumulated profits exceeding the amount so reserved, and pay the same to such stockholders on demand.

It is admitted that neither the certificate of incorporation nor the by-laws adopted by the stockholders of the J. K. Greenwood Co.

or its predecessor provided for the reservation of any working capital by the directors of such corporation. Taxpayer's counsel has cited the case of *Stevens* v. *United States Steel Corporation*, 68 N. J. Eq. 373; 59 Atl. 905, as an authority in support of his contention. We do not think the decision in that case warrants the conclusion made; in fact, the statement of the court, in our opinion, leads to the opposite conclusion. In delivering the opinion in that case the vice chancellor said, in part, as follows:

> There seems to be great force in the argument that this series of New Jersey statutes did not attempt to foist upon a corporation an annual indebtedness to its stockholders, enforceable at law, and payable on demand, in cash, equal to the surplus or profits or net profits which might appear on paper as the result of the annual stock taking. What our statutes, I think, have tried to do, has been to regulate the discretion of directors in declaring dividends, by laying down a convenient rule defining a situation in which stockholders may justly claim that dividends have been "improperly" withheld. I know of no rule of equity which requires directors to sell property of the corporation at a loss, or borrow money, in order to pay dividends, because an appraisement of the corporate assets exhibits a surplus, or what bookkeepers might call "profits." It must be borne in mind that the statute makes any dividend which may be declared payable on demand.

We think there is another reason why the earnings of the corporation did not become dividends to the taxpayer under the provisions of this act. The taxpayer was the sole stockholder of this corporation and it was within his power whenever he deemed fit and advisable to declare dividends out of surplus earned by the corporation. This he at no time did, and he must be deemed to have waived his right to the earnings as dividends and to have determined that the surplus should be retained in the business as working capital, and as such sole stockholder it must be presumed that the accumulated profits received and used in the business are such as had been directed to be reserved as working capital by him as sole stockholder when nothing to the contrary appears. *Trimble* v. *American Sugar Refining Company*, 61 N. J. Eq. 340; 48 Atl. 912.

The taxpayer's argument really is to the effect that the statute of New Jersey, above quoted, is self-executing, and that where no reservation of working capital has been made by the articles of incorporation or by-laws passed by a majority of the stockholders, the statute makes the surplus earnings of the corporation dividends to its stockholders by its own force. The result of this would be to create the relation of debtor and creditor between a corporation and its stockholders as to the surplus earned in each year in those cases where the statute had not been complied with, and we think the language of the court in *Stevens* v. *United States Steel Corporation*, *supra*, effectually disposes of any such contention. We do not think that any part of the surplus of this corporation was constructively received by the taxpayer as dividends in any of the years herein.

We come now to the question of how this distribution should be taxed to the taxpayer. There appears to be no question but that the entire increase in the surplus between April 9, 1913, and August 30, 1918, was distributed to him in liquidation. Section 201(c) of the Revenue Act of 1918 provides in part as follows:

> Amounts distributed in the liquidation of a corporation shall be treated as payments in exchange for stock or shares, and any gain or profit realized thereby shall be taxed to the distributee as other gains or profits.

It is apparent from this section of the law that dividends in liquidation are subject to, both the normal and surtax rates. The amount received in liquidation is admitted to have shown a profit to the taxpayer of $27,157.67. The Commissioner has taxed but $19,643.82 as a liquidating distribution subject to both the normal and surtax rates and has subjected $7,513.85, reported as stock dividends received in 1918, to surtaxes only. In this we think the Commissioner erred, and that the entire amount of gain received in liquidation on August 30, 1918, is subject under the law to taxation at both the normal and surtax rates and that the tax herein should be computed on that basis.