## APPEAL OF S. B. QUIGLEY.

Docket No. 891.   Submitted April 30, 1925.   Decided June 25, 1925.

1. The taxpayer, who was the sole stockholder of a corporation dissolved on December 27, 1919, *held*, not to have taken over the business as a liquidating trustee.

2. The dissolution of a corporation on December 27, 1919, and the transfer of the capital and surplus to the sole stockholder, who thereafter carried on the business as an individual, results in taxable income in that year to such stockholder, notwithstanding he took nothing out of the business.

*William S. Pritchard, Esq.,* for the taxpayer.
*Willis D. Nance, Esq.,* for the Commissioner.

Before SMITH, LITTLETON, and TRUSSELL.

This appeal is from a determination by the Commissioner of a deficiency in income tax for the calendar year 1919, in the amount

of $1,683.80. The deficiency arises from the addition to the taxpayer's net income for the year 1919 of $21,047.48, alleged to have been received by him on December 27 of that year from the Quigley Motor Car Co., a corporation, as a liquidating dividend.

### FINDINGS OF FACT.

The taxpayer, who is an individual residing at Mobile, Ala., was the owner of all of the capital stock of the Quigley Motor Car Co., a corporation organized and existing under the laws of the State of Alabama, which conducted an automobile sales agency and general garage business at Mobile, Ala. The capital stock of the corporation was of the par value of $2,000.

On December 21, 1919, the Quigley Motor Car Co. had assets in excess of $113,000, consisting of cash in the amount of about $13,700, accounts and notes receivable, new and used automobiles, tires, parts, automobile accessories, tools, and machinery. It had liabilities consisting of notes and accounts payable, notes discounted, trade acceptances and taxes due, of approximately $90,000, and capital stock of $2,000. Its books showed a surplus of $21,047.48, all of which appears to have been accumulated during the year 1919. On December 27, 1919, a certificate of dissolution of the corporation was voluntarily filed in the office of the probate judge of Mobile County, Ala. The business was thereupon taken over by the taxpayer and thereafter conducted as his individual business until the year 1922, when he discontinued the same. Upon the filing of the certificate of dissolution, the $21,047.48 surplus of the corporation was credited to the taxpayer's personal account, but no money or other asset was actually withdrawn by him from the business and no substantial part of the assets was converted into cash or its equivalent during the period December 27 to December 31, 1919, inclusive. In April, 1921, he drew $30,000 out of the business.

The Commissioner determined that the amount of $21,047.48 credited to the taxpayer's personal account upon the dissolution of the Quigley Motor Car Co. was a liquidating dividend under section 201 (c) of the Revenue Act of 1918, and taxable as income to him in the year 1919.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

LITTLETON: The only question presented by the record in this appeal is whether or not the amount of $21,047.48 credited to the taxpayer upon the dissolution of the Quigley Motor Car Co. was a liqui-

dating dividend to him and hence taxable as income. The Commissioner contends that the amount in question is taxable as income to the taxpayer under section 201 (c) of the Revenue Act of 1918, which provides that—

\* \* \* Amounts distributed in the liquidation of a corporation shall be treated as payments in exchange for stock or shares, and any gain or profit realized thereby shall be taxed to the distributee as other gains or profits.

It is contended on behalf of the taxpayer that upon the dissolution of the corporation he received nothing in his own right but took over the assets in trust for the benefit of creditors. Sections 7063 and 7069 of the Code of Alabama, which were in effect during the year 1919, provide that—

7063. (3510) *How to Dissolve a Corporation.*—Whenever the holders of all the capital stock of any corporation shall desire to dissolve the corporation, they may do so by an agreement to that end signed by all the stockholders, whose signatures shall be attested by two witnesses, and the agreement shall be certified by the president or other managing officer of the corporation that the names signed to such agreement constitute all the stockholders of the corporation, which agreement and certificate shall be filed and recorded in the office of the probate judge of the county where the corporation was organized, the corporation shall be dissolved and the board of directors shall proceed to settle up and adjust its business and affairs.

7069. (3516) Corporations whose charters expire by limitation and which are dissolved by forfeiture or by any other cause, except by judicial decree, exist as bodies corporate for the term of five years after such dissolution, for the purpose of prosecuting or defending suits, settling their business, disposing of their property, and dividing their capital stock, but not for the purpose of continuing their business; and the directors shall be trustees thereof with full power to settle their affairs, collect their debts, sell and convey the property and divide the moneys and other property among the stockholders, after paying its debts; and may act under the by-laws of the corporation, prescribe the terms and conditions of the sales of the property of the corporation, sue for and recover the debts and property of the dissolved corporation, in the corporate name; and are jointly and severally liable to its creditors and stockholders to the extent of the property which may come into their hand. On application to the circuit court or other court at the principal place of business of the corporation, such trustees may be continued for such length of time beyond such five years as may be necessary for the purpose in this section set forth.

Whether or not the taxpayer received taxable income under the provisions of section 201 (c) of the Revenue Act of 1918 is a question of fact which must be determined from the evidence. If he took over the business of the corporation as liquidating trustee and proceeded to liquidate the same, he might have received no taxable income until distribution was actually made. If, however, upon the filing of the certificate of dissolution he received the assets and assumed the liabilities and thereafter carried on the business as an individual, he received taxable income on December 27, 1919, in the amount determined by the Commissioner.

At the hearing the taxpayer, who was the sole stockholder of this corporation, testified that the affairs of the corporation were not liquidated upon the filing of the certificate of dissolution; that the business was taken over by him and conducted as his individual business; that in April, 1921, he withdrew $30,000 and that during 1922 he closed out the business entirely.

Upon the evidence in this appeal the Board is of the opinion that the taxpayer did not take over the business of the corporation as a liquidating trustee, but that he received the assets, assumed the liabilities, and thereafter conducted the business as an individual. The determination of the Commissioner that he received taxable income in the amount of $21,047.48 is therefore approved. *Appeal of E. C. Huffman,* 1 B. T. A. 52; *Appeal of John K. Greenwood,* 1 B. T. A. 291.