FRANK D. DARROW, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 929.    Promulgated September 22, 1927.

The term "dividends" as defined in section 201 of the Revenue Act of 1921, includes distributions in liquidation of a corporation to the extent of the earnings or profits accumulated since February 28, 1913, contained therein, and to the extent of those earnings such distributions are taxable as dividends, subject to the surtax and exempt from the normal tax.

*Wilbur F. Denious, Esq.,* for the petitioner.
*A. H. Fast, Esq.,* for the respondent.

In this proceeding a redetermination is sought of a deficiency in the income taxes of the petitioner for the calendar years 1921 and 1922. It is alleged that the Commissioner erred in including in petitioner's taxable income the gain derived from the distribution in liquidation of all of the capital assets of a corporation, of which

petitioner was the sole stockholder. In computing taxable income the Commissioner included the excess value of the assets distributed, over the cost to petitioner of his stock, and determined the deficiency from which this appeal is taken.

## FINDINGS OF FACT.

The petitioner is, and during the taxable years was, a resident of and doing business in the city of Denver, Colo.

The Darrow Music Co. was incorporated in 1914 under the laws of Colorado with a capital stock of $10,000 and a paid-in surplus of $30,600. The corporation was dissolved in the year 1919. The petitioner was at all times the owner of all the stock of the corpora-tion. At a meeting of the stockholders of the corporation held on December 20, 1919, the following resolution was adopted:

Moved and seconded that the Board of Directors of said company be authorized and directed to sell and dispose of the assets of said company and to pay all of its debts after which the net assets of said company shall be distributed among the stockholders in proportion to their respective stockholdings.

Said motion was put to a vote and carried by all of the stockholders of said company voting in the affirmative.

Upon dissolution of the corporation it had a capital stock of $10,000 and a surplus of $49,816.91. The increase of $19,216.91 in the surplus of the corporation over that paid in on incorporation, is the income upon which the respondent determined a deficiency in taxes for 1921 and 1922. After the dissolution of the corporation the petitioner continued the business of the corporation as before, under the name of the Darrow Music Co., but operated the business as an individual and not a corporation.

## OPINION.

VAN FOSSAN: The facts are stipulated. The issue raised by the pleadings is whether or not a gain derived from a distribution in liquidation is taxable income. In his brief, however, petitioner con-cedes that such a gain is taxable income, but he contends that the distribution is a dividend within the meaning of section 201 of the Revenue Act of 1921 and as such is exempt from the normal tax under section 216 (a) (1) of said Act.

Distributions in liquidation made by a corporation to its stock-holders have been repeatedly held by this Board to result in taxable income to the stockholders, although the business is continued by them as individuals and no actual distribution in cash is made. Appeal of John K. Greenwood, 1 B. T. A. 291; Appeal of J. H. Morrow, Administrator, 1 B. T. A. 1148; Appeal of S. B. Quigley, 2 B. T. A. 159; Appeal of George Shapiro, 2 B. T. A. 620.

We have then to consider here only the question of whether the income derived from a distribution in liquidation is taxable as a dividend within the meaning of section 201 of the Revenue Act of 1921, or as a gain or profit from the sale or other disposition of personal property, the extent of which is to be determined upon the basis provided in section 202. If it be a dividend it is exempted from the normal tax by section 216(a)(1), otherwise it is taxable at both the normal and surtax rates. In view of the importance of the question, we deem a review of the income tax acts, passed since the adoption of the Sixteenth Amendment, so far as they relate to the definition and taxation of "dividends," essential to a correct understanding of the problem.

Section 213(a) of the 1921 Act provides:

That for the purposes of this title (except as otherwise provided in section 233) the term "gross income"—

(a) Includes gains, profits, and income derived from * * * dividends * * *. The amount of all such items * * * shall be included in the gross income for the taxable year in which received by the taxpayer * * *.

Section 216(a) provides:

That for the purpose of the normal tax only there shall be allowed the following credits:

(a) The amount received as dividends (1) from a domestic corporation other than a corporation entitled to the benefits of section 262 * * *.

Dividends are defined in section 201 of the Act as follows:

(a) That the term "dividend" when used in this title * * * means any *distribution* made by a corporation to its shareholders or members, whether in cash or in other property, out of its earnings or profits accumulated since February 28, 1913, * * *.

(b) For the purposes of this Act *every distribution* is made out of earnings or profits, and from the most recently accumulated earnings or profits, to the extent of such earnings or profits accumulated since February 28, 1913; * * *.

(c) *Any distribution* (whether in cash or other property) made by a corporation to its shareholders or members otherwise than out of (1) earnings or profits accumulated since February 28, 1913, or (2) earnings or profits accumulated or increase in value of property accrued prior to March 1, 1913, shall be applied against and reduce the basis provided in section 202 for the purpose of ascertaining the gain derived or the loss sustained from 'the sale or other disposition of the stock or shares by the distributee. (Italics ours.)

In the absence of a statutory definition of the term, "dividend," in its true meaning, does not include a distribution in liquidation (sometimes referred to as a liquidating dividend).

As generally understood and used, a dividend is a return upon the stock of its stockholders, paid to them by a going corporation without reducing their stockholdings, leaving them in a position to enjoy future returns upon the same stock. * * * It is earnings paid to him by the corporation upon his invested capital therein, without wiping out his capital. On the other hand, when a solvent corporation dissolves and liquidates, it distributes to its stock-

holders, not only any earnings it may have on hand, but it also pays to them their stock, thus wiping out their interest in the company. * * * The corporation in effect buys up and retires all of its outstanding stock. *Langstaff* v. *Lucas*, 9 Fed. (2d) 691.

The Revenue Act of 1913 made " dividends " taxable as income, but failed to define the term and in two cases arising under that Act the Supreme Court applied the distinction between a dividend proper and a liquidating dividend. In *Lynch* v. *Turrish*, 247 U. S. 221, it was held that the distribution in liquidation by a corporation of all its assets, whose value at that time was the same as the value on March 1, 1913, the effective date of the Income Tax Amendment to the Constitution, was a return of capital and not taxable income, but in *Lynch* v. *Hornby*, 247 U. S. 339, the court held that the distribution by a going corporation to its stockholders after March 1, 1913, of profits accumulated prior thereto was a dividend and taxable income. In the latter case, the court, defining " dividends," said:

In short, the word " dividends " was employed in the Act as descriptive of one kind of gain to the individual stockholder; dividends being treated as the tangible and recurrent returns upon his stock, analogous to the interest and rent received upon other forms of invested capital.

Congress in all later revenue acts defined the term " dividends " so as to exclude distributions of profits accumulated prior to March 1, 1913.

The Revenue Acts of 1916 and 1917 made dividends taxable as income and provided in section 2(a) of the 1916 Act:

* * * That the term " dividends " as used in this title shall be held to mean *any distribution* made or ordered to be made by a corporation * * * out of its earnings or profits accrued since March first, nineteen hundred and thirteen, and payable to its shareholders, whether in cash or in stock of the corporation * * * which stock dividend shall be considered income, to the amount of its cash value. (Italics ours.)

This definition was carried into the 1917 Act, by section 1211, as section 31(a) and supplemented by section 31(b), providing that—

*Any distribution* made to the shareholders or members of a corporation * * * in the year nineteen hundred and seventeen, or subsequent tax years, shall be deemed to have been made from the most recently accumulated undivided profits or surplus, and shall constitute a part of the annual income of the distributee for the year in which received * * *. (Italics ours.)

In construing these provisions of the 1917 Act the Supreme Court, in *Edwards* v. *Douglas*, 269 U. S. 204, held that distributions made by a corporation in 1917 were taxable to the distributee as dividends at the 1917 rates where it appeared that the 1917 earnings were sufficient to cover the distributions, even though the corporation had

declared that they were made out of depletion reserves. In the district court the taxpayer contended that the distributions were of capital and not taxable, but the court rejected this contention, held that the distribution was clearly a taxable dividend within the meaning of the Act, and said:

It seems to me that the Congressional intent is clear. Distributions are to be regarded as made from current earnings and the most recently accumulated surplus. *Congress, in my judgment, did not intend to lay down a narrow rule, to be whittled away by technical definitions of the terms " surplus, undivided profits, dividends and distributions "*. 298 Fed. 919, 924.

Though Congress exempted from taxation as dividends or otherwise, distributions of earnings accumulated prior to March 1, 1913, at the same time it so defined taxable dividends as to include *every* distribution of earnings accumulated since February 28, 1913, in whatever form the distribution might be made. The intention of Congress to tax as dividends, distributions, however made, of earnings since February 28, 1913, is evident from the broad and comprehensive language of the definition and the specific inclusion of stock-dividends to the extent of such earnings.[1] So that under the 1916 and 1917 Acts distributions in liquidation to the extent of the earnings or profits accumulated since February 28, 1913, are taxable as dividends just as any other distribution of such earnings made by a going corporation in the regular course of business. See *Appeal of James Dobson*, 1 B. T. A. 1082, and *Appeal of A. B. Nickey & Sons*, 3 B. T. A. 173. In the *Dobson* appeal we said, at page 1085:

And in " any distribution " must be included distributions made in liquidation as well as those made in ordinary course of business. The term *distribution*, in its commonly accepted meaning, certainly includes payments made to stockholders in liquidating a corporation.

The Revenue Act of 1918 also made dividends taxable as income and in section 201 (a) defined the term " dividend," substantially as defined in the preceding Acts, as—

* * * *Any distribution* made by a corporation * * * to its shareholders or members, whether in cash or in other property or in stock[1] of the corporation, out of its earnings or profits accumulated since February 28, 1913 * * *. (Italics ours.)

Again we find clearly expressed the intention of Congress to tax as a dividend *every* distribution of earnings accumulated since February 28, 1913, in whatever form or manner made, and in the absence of a contrary intent appearing from the Act, a liquidating distribution of

---

[1] The Supreme Court subsequently held stock dividends nontaxable and this provision of the Act unconstitutional. *Eisner* v. *Macomber*, 252 U. S. 189. The intention of Congress, however, to make all manner of distributions of earnings accumulated since February 28, 1913, taxable as dividends is not otherwise affected by that decision.

such earnings would be taxable as other dividends. But in this Act Congress added subdivision (c) to section 201, providing that—

\* \* \* Amounts distributed in the liquidation of a corporation shall be treated as payments in exchange for stock or shares, and any gain or profit realized thereby shall be taxed to the distributee as other gains or profits.

This Board has held that it was the intention of Congress under this Act to exclude from its broad definition of " dividends " a so-called " liquidating dividend " even though the latter consists in part of earnings accumulated since February 28, 1913, and to subject to both normal and surtaxes any gain derived from liquidating distributions in the same manner as other gains derived from the sale or other disposition of property. *Appeal of John K. Greenwood, supra; Appeal of E. C. Huffman,* 1 B. T. A. 52; *Appeal of J. H. Morrow, supra; Appeal of S. B. Quigley, supra; Appeal of George Shapiro, et al., supra.* See also *Langstaff* v. *Lucas,* 9 Fed. (2d) 691; 13 Fed. (2d) 1022; 71 L. Ed. 276; 47 Sup. Ct. 111; 273 U. S. 721.

The Circuit Court of Appeals for the Eighth Circuit in a recent case, however, has taken a different view and held that even under the 1918 Act distributions in liquidation, to the extent of earnings accumulated since February 28, 1913, are dividends within the meaning of section 201(a) and are taxable as other dividends. The court there holds " that subdivision (c) is not an exception to or qualification of section 201(a) but is supplemental thereto". *Hellmich* v. *Hellman,* 18 Fed. (2d) 239.

When we come to the Revenue Act of 1921 we find " dividends " included in taxable income and defined in section 201(a) substantially as in prior Acts, as—

\* \* \* Any distribution made by a corporation to its shareholders or members, whether in cash or in other property, out of its earnings or profits accumulated since February 28, 1913 \* \* \*.

But subdivision (c) as carried in the 1918 Act is omitted and no specific provision for liquidating dividends is made, except the negative one contained in the new subdivision (c), set forth above. Congress dropped the distinction between liquidating dividends and dividends as defined in section 201(a) which it has recognized in the 1918 Act, and declared anew its intent to tax as dividends all distributions of earnings accumulated since February 28, 1913, whether the same be made in liquidation or otherwise, as was the case under the 1916 and 1917 Acts. This clearly appears from the provision of the new subdivision (c) that "any distribution \* \* \* made \* \* \* *otherwise* than out of (1) earnings or profits accumulated

since February 28, 1913, * * * shall be applied against and reduce the basis provided in section 202 " for determining gain or loss on the sale or other disposition of property. Earnings or profits accumulated since February 28, 1913, distributed in liquidation are to be excluded from the computation of gain derived or loss sustained from such distribution, and are to be taxed as other dividends, regardless of whether there is a gain derived or loss sustained from such distribution. The intent of Congress to remove the distinction between liquidating dividends and other dividends, and to make its definition of the term in section 201(a) comprehensive and all-inclusive, so far as earnings or profits accumulated since February 28, 1913, are concerned, appears even more clearly from the history of the 1921 Act in process of enactment. The House Bill provided, in section 201(c), for the treatment of liquidating dividends in the identical language of the 1918 Act. The Senate amendment eliminated the provision entirely and substituted as subdivision (c) the provision as to stock dividends appearing as subdivision (d) in the Act as passed. The House accepted the amendment with an amendment which appears as subdivision (c) in the Act as finally passed. The statement of the House Managers from the Committee on Conference relative to this provision, is:

> The House bill provided that amounts distributed in liquidation of a corporation shall be treated as in part or in full payment in exchange for stock or shares, and any gain or profit realized thereby shall be taxed to the distributee as other gains or profits. The Senate amendment strikes out this provision. The House recedes with an amendment, * * *. [Referred to above.]

There would seem to be no doubt that Congress intended its definition of " dividends " to include liquidating dividends to the extent of earnings accumulated since February 28, 1913.

It is our conclusion that the term " dividends " as defined in section 201 of the Revenue Act of 1921 includes distributions in liquidation to the extent of the earnings or profits accumulated since February 28, 1913, contained therein, and that to the extent of those earnings such distributions are taxable as dividends, subject to the surtax and exempt from the normal tax. To the extent that the deficiency represents a normal tax upon earnings or profits accumulated since February 28, 1913, and distributed to petitioner upon liquidation of the corporation, the respondent is in error.

Reviewed by the Board.

*Judgment will be entered on 15 days' notice, under rule 50.*