PHILETUS W. GATES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11618. Promulgated January 10, 1928.

*Robert W. Schupp, Esq.*, for the petitioner.
*A. H. Murray, Esq.*, for the respondent.

**OPINION.**

TRAMMELL: The only issue in this proceeding is whether a liquidating dividend received in 1922 under the circumstances set out in the findings of fact is a capital gain under the provisions of section 206 of the Revenue Act of 1921 and taxable as such under the provisions of that section or whether it is a dividend within the meaning of section 201 and subject to the surtax imposed by section 211 of the Act.

The pertinent provisions of section 201 are:

(a) That the term " dividend " when used in this title * * * means any distribution made by a corporation to its shareholders or members, whether in cash or in other property, out of its earnings or profits accumulated since February 28, 1913, * * *

(b) For the purpose of this Act every distribution is made out of earnings or profits, and from the most recently accumulated earnings or profits, to the extent of such earnings or profits accumulated since February 28, 1913; * * *

(c) Any distribution (whether in cash or other property) made by a corporation to its shareholders or members otherwise than out of (1) earnings or profits accumulated since February 28, 1913, or (2) earnings or profits accumulated or increase in value of property accrued prior to March 1, 1913, shall be applied against and reduce the basis provided in section 202 for the purpose of ascertaining the gain derived or the loss sustained from the sale or other disposition of the stock or shares by distributee.

Section 206 provides in part as follows:

(a) That for the purpose of this title:

(1) The term "capital gain" means taxable gain from the sale or exchange of capital assets consummated after December 31, 1921;

(2) The term "capital loss" means deductible loss resulting from the sale or exchange of capital assets consummated after December 31, 1921;

(3) The term "capital deductions" means such deductions as are allowed under this title for the purpose of computing net income and are properly allocable to or chargeable against items of capital gain as defined in this section;

(4) The term "capital net gain" means the excess of the total amount of capital gain over the sum of the capital deductions and capital losses;

(5) The term "ordinary net income" means the net income, computed in accordance with the provisions of this title, after excluding all items of capital gain, capital loss, and capital deductions; and

(6) The term "capital assets" as used in this section means property acquired and held by the taxpayer for profit or investment for more than two years (whether or not connected with his trade or business), but does not include property held for the personal use or consumption of the taxpayer or his family, or stock in trade of the taxpayer or other property of a kind which would properly be included in the inventory of the taxpayer if on hand at the close of the taxable year.

In *Frank D. Darrow*, 8 B. T. A. 276, we considered the question of whether income derived from a distribution in liquidation is taxable as a dividend within the meaning of section 201 of the Act of 1921, or is a gain or profit from the sale or other disposition of personal property. After reviewing the various income-tax acts passed subsequent to the adoption of the Sixteenth Amendment and prior to the Act of 1921 insofar as they related to the definition and taxation of dividends, and coming to a consideration of section 201 of the Revenue Act of 1921, we said:

* * * Congress dropped the distinction between liquidating dividends and dividends as defined in section 201 (a) which it has recognized in the 1918 Act, and declared anew its intent to tax as dividends all distributions of earnings accumulated since February 28, 1913, whether the same be made in liquidation or otherwise, as was the case under the 1916 and 1917 Acts. This clearly appears from the provision of the new subdivision (c) that "any distribution * * * made * * * *otherwise* than out of (1) earnings or profits accumulated since February 28, 1913 * * * shall be applied against and reduce the basis provided in section 202" for determining gain or loss on the sale or other disposition of property. Earnings or profits accumulated since February 28, 1913, distributed in liquidation are to be excluded from the computation of gain derived or loss sustained from such distribution, and are to be taxed as other dividends, regardless of whether there is a gain derived or loss sustained from such distribution. The intent of Congress to remove the distinction between liquidating dividends and other dividends, and to make its definition of the term in section 201 (a) comprehensive and all-inclusive, so far as earnings or profits accumulated since February 28, 1913, are concerned, appears even more clearly from the history of the 1921 Act in process of enactment. The House Bill provided, in section 201 (c), for the treatment of

liquidating dividends in the identical language of the 1918 Act. The Senate amendment eliminated the provision entirely and substituted as subdivision (c) the provision as to stock dividends appearing as subdivision (d) in the Act as passed. The House accepted the amendment with an amendment which appears as subdivision (c) in the Act as finally passed. The statement of the House Managers from the Committee on Conference relative to this provision, is:

"The House bill provided that amounts distributed in liquidation of a corporation shall be treated as in part or in full payment in exchange for stock or shares, and any gain or profit realized thereby shall be taxed to the distributee as other gains or profits. The Senate amendment strikes out this provision. The House recedes with an amendment, * * * [Referred to above.]"

There would seem to be no doubt that Congress intended its definition of "dividends" to include liquidating dividends to the extent of earnings accumulated since February 28, 1913.

The Revenue Act of 1918, section 201 (c) provides in part as follows:

* * * Amounts distributed in the liquidation of a corporation shall be treated as payments in exchange for stock or shares, and any gain or profit realized thereby shall be taxed to the distributee as other gains or profits.

This provision is omitted in the Revenue Act of 1921.

A capital gain is a gain from the sale or exchange of capital assets. If under the 1921 statute a liquidation dividend is not to be treated as a gain or profit on the sale or exchange of assets, it follows that such a dividend does not come within the scope of section 206 (a) (1), that is, a taxable gain from the sale or exchange of capital assets.

Under section 201 of the 1921 Act the distribution in this case is to be taxed as other dividends. *Frank D. Darrow, supra.* It being so taxed, there is no provision of the statute which would permit the petitioner to elect to have the distribution taxed under section 206 (a) (1). The action of the respondent is approved.

Reviewed by the Board.

*Judgment will be entered for the respondent.*